HAAREN *v.* LYONS *et al.*

(*Supreme Court, General Term, First Department.* March 14, 1890.)

1. MORTGAGES—FORECLOSURE BY ASSIGNEE—PARTIES.
   A deed and purchase-money mortgage misdescribed the premises. On discovering the mistake the vendor executed a further deed, locating the land as it should have been described, and at the same time the parties made an agreement correcting the mortgage, and confirming it as an incumbrance. *Held*, that the vendor (mortgagee) was not a necessary or proper party to an action to foreclose the mortgage, brought by an assignee thereof.
2. SAME—PLEADING—COMPLAINT.
   The complaint set forth the making and delivery of the mortgage, its correction, and that a part of the debt was due and unpaid, and contained the necessary formal allegations. *Held*, that a demurrer on the ground that it did not state facts sufficient to constitute a cause of action was properly overruled.

Appeal from special term, New York county.

Action by John W. Haaren against Jeremiah Lyons and others. Defendant Lyons appeals from an interlocutory judgment overruling his demurrer to the complaint.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Souther & Stedman,* (*John Larkin,* of counsel,) for appellant. *H. H. Glass,* for respondent.

DANIELS, J. The action has been brought to foreclose a mortgage upon premises situated on the northerly side of 113th street, in the city of New York. This mortgage was executed and delivered by the defendant William C. Burne to Albert E. Smith, and it was afterwards, by an instrument in writing, assigned by Smith to the plaintiff. As the premises were described in the mortgage, they were made to commence 570 feet westerly from the north-westerly corner of Fifth avenue and 113th street, while in fact the land intended to be described was distant 370 feet westerly from this corner of the avenue and 113th street. After this misdescription was discovered, the mortgagee, together with his wife, executed and delivered a further deed to the

mortgagor, correcting this misdescription, and locating the land as it in fact should have been described in the prior deed, and an agreement was then and there entered into between the mortgagor and Smith, correcting the mortgage, and confirming it as an incumbrance upon the property in this manner described. No further obligation, either legal or equitable, after that rested upon Smith, arising out of this misdescription; but the mortgage was in fact from the time of its correction an executed incumbrance upon the property, as it was correctly described. Smith had no further interest whatever in the enforcement of the mortgage. It could affect no rights still remaining vested in him, nor could it subject him to any further obligation than that which he had in this manner performed; and for that reason he was neither a necessary nor a proper party to the action brought by the plaintiff for the foreclosure of the mortgage.

The further ground taken in support of the demurrer is that the complaint did not state facts sufficient to constitute a cause of action. But it did set forth the making and delivery of the mortgage, its correction in the manner already stated, and that a part of the mortgaged debt had become due and payable, and remained unpaid; and these facts did entitle the plaintiff, as the assignee of the mortgage, to bring this action for its foreclosure, and the collection of the money secured by it. The other formal allegations required for that purpose were added to the complaint, in addition to the statement of these facts, and it did accordingly present a cause of action for the foreclosure of this mortgage; and this further objection contained in the demurrer was accordingly without any foundation. The judgment is well supported by the facts appearing in the complaint, and it should be affirmed, with costs. All concur.